UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALL POINTS CAPITAL CORP.,

      Plaintiff,

v.

LEIGH ANN VALLIMONT,

      Defendant.
_____/

Case No. 09-12913
Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 4, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiff All Points Capital Corporation ("All Points") filed this action against Defendant Leigh Ann Vallimont ("Vallimont") on July 23, 2009, seeking to hold Vallimont liable on a Personal Guaranty. Presently before the Court is All Point's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, filed December 7, 2009. On the same date, All Points served Vallimont with a copy of the motion via first class mail.

On December 8, 2009, this Court sent a notice to the parties, indicating that All Points' motion for summary judgment had been filed and reminding them of the provisions of Eastern District of Michigan Local Rule 7.1, specifically subsection (d)

which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." (Doc. 13.) Nevertheless, Plaintiff has not responded to the motion. On February 1, 2010, this Court issued a notice to inform the parties that it is dispensing with oral argument with respect to All Points' motion in accordance with Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons that follow, the Court now grants the motion.

## Factual and Procedural Background

On January 10, 2008, All Points loaned Northfield Trucking Company ("Northfield") $97,350.00 pursuant to a Promissory Note ("First Note"). (Pl.'s Mot. Ex. A.) Vallimont executed the First Note as Northfield's President. (*Id.*) The First Note provides for an initial interest rate of 8.99% per year and obligated Northfield to make thirty-nine (39) monthly payments of $2,898.64 beginning February 15, 2008, with a payment of all outstanding principal plus all accrued unpaid interest on April 15, 2011. (*Id.*)

On January 17, 2008, All Points loaned Northfield an additional $145,900 pursuant to a second Promissory Note ("Second Note"). (Pl.'s Mot. Ex. C.) The Second Note also provides for an initial interest rate of 8.99% per year. (*Id.*) It required Northfield to make thirty-nine (39) monthly payments of $4,343.17 beginning February 22, 2008, with a payment of all outstanding principal plus all accrued unpaid interest on April 22, 2011. (*Id.*)

The First Note and Second Note were secured by a Personal Guaranty executed by

Vallimont on January 10, 2008 ("Guaranty").  (Pl.'s Mot. Ex. D.)  In the Guaranty, Vallimont "unconditionally, absolutely, and irrevocably guarantee[d]" Northfield's obligations pursuant to the First Note and Second Note, including all principal, interest, late charges, loan fees and loan charges, and all collection costs and expenses relating thereto.  The First Note and Second Note define collection costs and expenses as including "all reasonable costs and expenses incurred in the collection and enforcement of . . . any agreement securing [the First note and the Second Note] . . ., including reasonable attorney fees and costs . . ."  (*Id*. Exs. A and C at ¶ 14.)

Northfield subsequently defaulted under the terms of the First Note and Second Note.  Under the terms of both, upon Northfield's default and at All Points' option, the entire unpaid balance of principal and accrued interest became immediately due and payable to All Points.  (*Id*. at ¶ 8 )  Further, all amounts owed automatically began accruing interest at a rate of 6% per year above the First Note and Second Note rates, for a total of 15% per year.  (*Id*.)

As of June 23, 2009, Northfield owed a balance on the First Note of $79,816.86, and a balance on the Second Note of $119,377.10.  (Compl. ¶¶ 13, 21.)

On May 11, 2009, Northfield filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code.  All Points thereafter filed a motion in the bankruptcy proceedings seeking relief from the automatic stay or adequate protection.  On August 13, 2009, the bankruptcy court entered a stipulated order resolving All Points' motion.  (Mot. Ex. H.)

The bankruptcy court's order recognizes Northfield's debt to All Points and All

3

Points' perfected first security interest in certain collateral held by Northfield and used in its business with a value of $75,000. (*Id.* at ¶¶ C, D.) The order requires Northfield to pay All Points' secured claim in the amount of $75,000 over thirty-six (36) months, beginning with the bankruptcy petition date. (*Id.* at ¶¶ 3.) Specifically, Northfield is ordered to pay All Points $8,000 by August 11, 2009 (representing payments of $2,000 each that were previously due on May 11 through August 11, 2009), $2,000 each month thereafter for the remaining months, and two balloon payments of $6,815 on April 11, 2011 and April 11, 2012. (*Id.*) The order provides that All Points will release its lien on the secured collateral upon timely completion of the required payments. (*Id.* at ¶ 4.) According to All Points, it received an $8,000 payment from Northfield on August 27, 2009, and three $2,000 payments on September 10, October 8, and November 6, 2009. (Mot. Ex. B ¶ 9.)

In the interim, All Points filed this lawsuit against Vallimont on July 23, 2009. In its Complaint, All Points alleges a breach of contract claim (Count I) and an unjust enrichment claim (Count II). Vallimont filed an Answer to the Complaint on August 17, 2009. Vallimont was represented by counsel at the time; however, an order permitting her counsel to withdraw subsequently was entered by this Court on September 16, 2009. On October 6, 2009, All Points sent Vallimont via first class mail its First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents. (Mot. Ex. F.)

All Points' Requests for Admission ask Vallimont to admit the following: (1) that the loan documents attached to All Points' Complaint (i.e., the First Note and Second

Note) are accurate duplicates of the original signed documents; and (2) that she is indebted to All Points in the amount set forth in the Complaint. (*Id*. at 5.) Vallimont failed to respond to All Points' discovery requests. All Points thereafter filed its pending summary judgment motion.

## Standard for Summary Judgment

Summary judgment pursuant to Federal Rule of Civil Procedure 56(c) is properly granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Court must construe the evidence and draw any inferences in the light most favorable to the non-moving party. *Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 258 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)). In most instances, the party moving for summary judgment has the burden of showing the absence of evidence in support of some essential element of the non-movant's case, on which the opposing party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, (1986). Once the moving party has made such a showing, the burden is on the non-moving party to demonstrate the existence of a genuine issue for trial. *Id*.

However, where the party moving for summary judgment has the burden of proof at trial, the movant faces "a substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrell v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir.

2001). In that case, the movant "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, at 561 (internal quotation marks and citation omitted). As the Sixth Circuit alternatively has stated: "[W]here the moving party has the burden– the plaintiff on a claim for relief or the defendant on an affirmative defense– his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

## Applicable Law and Analysis

Federal Rule of Civil Procedure 36 provides that "[a] matter is admitted unless, within 30 days after being served [with a request to admit], the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The rule further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "Rule 36(a) allows a party to request an admission even where the request seeks admission of 'ultimate facts' or 'is dispositive of the entire case.'" *Turk v. Citimortgage*, No. 05-70386, 2005 WL 2090888, at *3 (E.D. Mich. 2005) (citing *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979)). "Thus matters deemed admitted can serve as a basis for the granting of a motion for summary judgment." *Id*. (citing Fed. R. Civ. P. 56(c); *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am.*, 606 F.2d 760, 766

(7th Cir. 1979); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).

As indicated earlier, All Points served Vallimont with its Requests for Admission on October 6, 2009. The matters contained in All Points requests therefore were deemed admitted when Vallimont failed to respond within the time proscribed by Rule 36. As a result, there can be no dispute regarding the validity of the First Note and Second Note and Vallimont's indebtedness to All Points in the amount alleged in the Complaint. Moreover, Vallimont has not responded to All Points' motion and thus has not presented any evidence to create a genuine issue as to any material fact.

According to the Complaint, Northfield's indebtedness on the First Note and Second Note amounted to $199,193.96 as of June 23, 2009. The First Note and Second Note provide that interest accrued on this amount at an annual rate of 15% from June 23, 2009 to July 23, 2009 (the date All Points filed its Complaint). Thereafter, pursuant to Michigan Compiled Laws Section 600.6013(7), interest accrued and continues to accrue until any judgment is entered at a rate of 13% per year. Post-judgment interest, however, must be determined pursuant to federal law. *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (quoting *FDIC v. First Heights Bank, F.S.B.*, 229 F.3d 528, 542 (6th Cir. 2000) ("In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs the award of prejudgment interest."))

Catherine Wilinksi, All Points' Senior Vice President of Asset Recovery, indicates in an affidavit submitted in support of All Points' motion that, as of November 30, 2009,

Vallimont's liability to All Points totaled $196,730.94, exclusive of costs and attorney's fees. (Mot. Ex. B ¶ 11.) This amount reflects deductions in interest, late fees, and principal resulting from Northfield's payments pursuant to the bankruptcy court's order. (*Id.* ¶ 10.) According to an affidavit provided by All Points' counsel, David Adler, All Points has incurred attorneys' fees and costs related to this lawsuit and the bankruptcy proceedings totaling $18,598.30 through November 30, 2009. All Points is entitled to collect this amount from Vallimont pursuant to the terms of the First Note and Second Note and the Guaranty.

On June 3, 2009, after Northfield defaulted on the First Note and Second Note, All Points delivered written Notice of Default and Acceleration to Vallimont, indicating that All Points was exercising its right under the First Note, Second Note, and Guaranty to accelerate all amounts due to All Points. (Mot. Ex. B ¶ 7.) According to Catherine Wilinski, Vallimont has refused to remit payment for any of the amount due. (*Id.* ¶ 8.)

**Conclusion**

For the above reasons, the Court concludes that All Points has demonstrated the absence of a genuine issue of material fact with respect to its breach of contract claim, that Vallimont is liable to All Points for breach of the Guaranty, and that All Points therefore is entitled to judgment as a matter of law.

Accordingly,

**IT IS ORDERED**, that All Points' motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that within seven (7) days of this Opinion and Order, All Points shall submit a proposed judgment setting forth the amounts Vallimont owes as of the date of this Opinion and Order and in accordance with the terms set forth herein.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
David Z. Adler, Esq.

Leigh Ann Vallimont
7525 Holland Road
Taylor, MI 48180